22681

In re BABY DOE.

(353 S. E. (2d) 877)

Supreme Court

*John P. Bacot, Jr.* of *Parsons & Patrick, P.A.,* Surfside Beach, *for appellant.*

*Jack T. Flom,* Myrtle Beach, *for respondent.*

*Thomas J. Rubillo,* Georgetown, *Guardian ad Litem for Baby Doe.*

Heard Dec. 8, 1986.

Decided Feb. 23, 1987.

NESS, Chief Justice:

This is an appeal from an order of the family court which held appellant husband responsible for the support of a child born to his wife as a result of artificial insemination. We affirm.[1]

Husband has four grown children from a prior marriage. He married his present wife in the early 1970s and they attempted for several years to have a child. While living overseas, husband sought medical advice and learned that he was no longer able to father children, apparently due to physical trauma. Upon the parties' return to this country, the diagnosis was confirmed. The parties visited a gynecologist in Myrtle Beach and discussed artificial insemination. With husband's knowledge, wife began undergoing artificial insemination in Myrtle Beach and Charleston. Husband assisted wife with daily temperature readings to determine dates of fertility.

Wife conceived in February, 1983, and the parties separated shortly thereafter. The child was born in November, 1983, and husband was listed as father on the birth certificate.

---

[1] The record in this case was sealed by order of the family court, and the identity of the parties is unknown.

Husband brought this action in family court seeking a declaration that he was not the father of the child. Wife counter-claimed seeking child support. The trial judge held there was a rebuttable presumption that any child conceived by artificial insemination during the course of the marriage has been conceived with the consent of the husband. The judge also held husband had expressly and impliedly consented to the artificial insemination, and awarded child support to wife.

Husband argues implied consent to artificial insemination should not be sufficient to establish legal parentage of a child. He argues that in the absence of written consent, he cannot be declared the legal father of a child conceived by artificial insemination during the marriage.

Artificial insemination is the introduction of semen into the reproductive tract of a female by artificial means. There are two types of artificial insemination in common use: (1) artificial insemination with the husband's sperm (homologous insemination), commonly referred to as A.I.H.; and (2) artificial insemination with the sperm of an anonymous third-party donor (heterologous insemination), commonly referred to as A.I.D. *New Reproductive Technologies: The Legal Problem and a Solution*, 49 Tenn. L. Rev. 303, 304 (1982); *People v. Sorensen*, 68 Cal. (2d) 280, 66 Cal. Rptr. 7, 437 P. (2d) 495, 498 (1968). The legal entanglements of determining parental responsibility have arisen almost exclusively from the latter. *But see, C.M. v. C.C.*, 152 N.J. Super. 160, 377 A. (2d) 821 (1977) [known third-party donor of semen awarded visitation with child born to unmarried mother through artificial insemination.]; *L. v. L.*, 1 All E.R. 141 (P.) (1949) [child born from artificial insemination using sperm of impotent husband declared illegitimate upon dissolution of marriage by annulment].

This new reproductive technology has created the potential for conflicting decisions regarding the status of the parties involved. With the exception of the earliest decisions on this issue,[2] however, American courts have been fairly

---

[2] *See e.g., Gursky v. Gursky*, 39 Misc. (2d) 1083, 242 N.Y.S. (2d) 406 (1963); *Doornbos v. Doornbos*, 23 U.S.L.W. 2308 (Ill. Super. Ct., 12/13/54); *appeal dismissed on procedural grounds*, 12 Ill. App. (2d) 473, 139 N. E. (2d) 844 (1956).

uniform in their holdings. Almost exclusively, courts which have addressed this issue have assigned paternal responsibility to the husband based on conduct evidencing his consent to the artificial insemination. *Cf., Byers v. Byers*, 618 P. (2d) 930 (Okla. 1980) [distinguishing birth by artificial insemination from husband's acceptance of child born from wife's affair with her paramour].

■ We hold that a husband who consents for his wife to conceive a child through artificial insemination, with the understanding that the child will be treated as their own, is the legal father of the child born as a result of the artificial insemination and will be charged with all the legal responsibilities of paternity, including support. *See, e.g., R.S. v. R.S.*, 9 Kan. App. (2d) 39, 670 P. (2d) 923 (1983); *L.M.S. v. S.L.S.*, 105 Wis. (2d) 118, 312 N.W. (2d) 853 (1981); *K.S. v. G.S.*, 182 N.J. Super. 102, 440 A. (2d) 64 (1981); *Adoption of Anonymous*, 74 Misc. (2d) 99, 345 N.Y.S. (2d) 430 (1973); *People v. Sorensen, supra. See also, Estate of Gordon*, 131 Misc. (2d) 823, 501 N.Y.S. (2d) 969 (1986).

■ We do not agree that husband's consent is effective only if obtained in writing. A number of jurisdictions have adopted statutes regulating the use of artificial insemination and requiring written consent of the parties or of the husband.[3] However, even where husband's written consent is statutorily required, the failure to obtain written consent does not relieve husband of the responsibilities of

---

[3] *See,* Uniform Parentage Act, Section 5.

(a) If, under the supervision of a licensed physician and with the consent of her husband, a wife is inseminated artificially with semen donated by a man not her husband, the husband is treated in law as if he were the natural father of a child thereby conceived. The husband's consent must be in writing and signed by him and his wife. The physician shall certify their signatures and the date of the insemination, and file the husband's consent with the [State Department of Health], where it shall be kept confidential and in a sealed file. However, the physician's failure to do so does not affect the father and child relationship. All papers and records pertaining to the insemination, whether part of the permanent record of a court or of a file held by the supervising physician or elsewhere, are subject to inspection only upon order of the court for good cause shown.

(b) The donor of semen provided to a licensed physician for use in artificial insemination of a married woman other than the donor's wife is treated in law as if he were not the natural father of a child thereby conceived.

As of 1985, the Uniform Parentage Act has been adopted by sixteen states.

parentage. *R.S. v. R.S., supra.* Husband's consent to his wife's impregnation by artificial insemination may be express, or it may be implied from conduct which evidences knowledge of the procedure and failure to object. *Id.*

We agree with the trial judge that husband's knowledge of and assistance in his wife's efforts to conceive through artificial insemination constitute his consent to the procedure. The trial judge's decision to declare husband the legal father of Baby Doe is affirmed.[4]

Husband's remaining exceptions are without merit and the trial judge's rulings on these issues are affirmed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[4] We have not attempted to determine which party bears the burden of establishing consent or lack of consent, since that issue is not before us.